IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DIONICIO OGARRIO, ) | |
| ) | |
| Plaintiff, ) | No. 3:12-00299 |
| ) | |
| v. ) | Judge Haynes |
| ) | Magistrate Judge Bryant |
| RALPH G. GANDIA, JR. a/k/a ) | |
| RAFAEL GANDIA GRAULAU d/b/a ) | |
| R.G. Cleaning Services, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## INITIAL CASE MANAGEMENT ORDER

I.   Jurisdiction and Venue:

The Court currently has jurisdiction of this case pursuant to 28 U.S.C. § 1331 as this is a civil action and Plaintiff's claims arise under the laws of the United States. Specifically, Plaintiffs bring this action in violation of 29 U.S.C. § 201, *et seq.* Venue is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to this action occurred within this district and Defendant is either located, resides, or does business in this district.

II.   Parties' Theories of the Case

A. Plaintiff's Theory of the Case

Plaintiff Dionicio Ogarrio is employed by Defendants as an hourly, non-exempt employee. Mr. Ogarrio has worked as a dishwasher for Defendants for over four years. Plaintiff alleges that Defendants have violated the Fair Labor Standards Act ("FLSA") by, among other things: (1) failing to pay Plaintiff for all hours worked; (2) failing to properly record the hours Plaintiff worked: (3) failing to post the wage and hour notices required under the FLSA; (4)

failing to pay Plaintiff an overtime premium for hours worked in excess of 40 hours in a workweek; (5) requiring, suffering, and/or permitting Plaintiff to work off-the-clock and through meal breaks; and (6) failing to pay Plaintiff the minimum wage for all hours worked.

Defendant R.G. Cleaning is a labor staffing company that provides labor to the Franklin Marriott Cool Springs, which, in turn, is operated by Defendant NIMB. Defendant ESS is a third party staffing company that supplied labor, including dishwashers, to R.G. Cleaning. Plaintiff was also directly supervised by Mr. O'Shea, who was also head chef at the Marriott.

While working as a dishwasher at the Franklin Marriott Cool Springs, Plaintiff's pay rate has steadily increased. He began his employment in September 2007, and was paid at a rate of $6.80 per hour until the end of 2007; from January 1, 2008 until May 31, 2010 his rate was $7.00 per hour; from June 1, 2010 until March 3, 2011 his rate was $7.25 per hour; and beginning March 3, 2011 his rate was $7.50 per hour. Even though these rates were promised to Mr. Ogarrio, his paycheck stubs clearly show that he was not always paid his regular, promised rate for all of the hours he worked in a workweek. Also, Plaintiff regularly worked in excess of 40 hours during a workweek without receiving an overtime rate of at least one and one half times his regular rate, which is also shown by his paycheck stubs.

In addition, Plaintiff also worked hours for which he was not paid at least the federally-mandated minimum wage. He also regularly worked hours for which he was not compensated at all. Furthermore, Defendants repeatedly failed to post the wage and hour notices and accompanying regulations required by the FLSA, or to otherwise communicate any information regarding Plaintiff's rights under the FLSA. Plaintiff's pursuit of his rights was similarly prevented by one or more of the Defendants informing Mr. Ogarrio that he is an independent contractor and not an employee and, therefore, not entitled to the protections under the FLSA.

2

Case 3:12-cv-00299   Document 20   Filed 05/17/12   Page 2 of 8 PageID #: 57
Case 3:12-cv-00299   Document 26   Filed 05/22/12   Page 2 of 8 PageID #: 83

After reviewing Plaintiff's paycheck stubs, it can be concluded that Plaintiff worked at least 1,358 hours that qualified for payment of an overtime premium. Mr. Ogarrio has not been paid these overtime premiums. By applying Mr. Ogarrio's hourly rate at the respective times he was denied these overtime premiums, and using the minimum overtime rate of time and one half as required under federal law, Defendants owe Mr. Ogarrio $4,798.88 in unpaid overtime. Plaintiff further seeks to be awarded full liquidated damages because Defendants' actions are willful and not in good faith. Plaintiff is owed a total recovery of $9,597.76 from Defendants, jointly and severally. Plaintiff also respectfully requests that Defendants be required to pay Plaintiff's attorneys' fees in the amount for which each is jointly and severally liable, as well as costs and expenses of this action. Plaintiff also seeks declaratory judgment to be entered declaring that Defendants violated the provisions of the FLSA.

B. Defendants' Theory of the Case

1. *Noble-Interstate Management Company LLC*. Defendant Noble-Interstate Management Company LLC ("NIMG") is a hotel management company that has served as the manager/operator of the Franklin Marriott Cool Springs (the "Hotel") during the entire period that Plaintiff has worked on the Hotel's premises. Despite this role, at no time has NIMG been Plaintiff's "employer" as that term is defined in the Fair Labor Standards Act, 29 U.S.C. §206. Instead, Plaintiff was, at all times, assigned to work at the Hotel by Defendants Environmental Solutions Systems, Inc. ("ESS") and/or R.G. Cleaning ("RGC"), staffing companies that, since at least 2008, have supplied contract labor to the Hotel, including Plaintiff. (To the best of NIMG's knowledge, RGC is a subcontractor of ESS, but the precise nature of their relationship is unknown to NIMG. Whether Plaintiff was employed by ESS, RGC, or both, is also unknown.) ESS/RGC hired Plaintiff and presumably had the authority to fire him – authority that NIMG

3

never possessed. ESS/RGC had sole responsibility for paying Plaintiff, for ensuring that he was paid at least the federal minimum wage, and for properly calculating and paying any premium pay for overtime hours that became due. In exchange for supplying contract labor, NIMG paid service fees to ESS, but at no time did NIMG ever make a direct payment to Plaintiff, as Plaintiff was, at all times, employed exclusively by ESS/RGC. In fact, during the period that Plaintiff was assigned to the Hotel, NIMG had no knowledge of the wage rate he received from ESS/RGC, had no control over the manner in which he was paid, and did not maintain or have access to his pay records. For these reasons, NIMG has never been Plaintiff's "employer" under the Fair Labor Standards Act and therefore cannot be liable to him for unpaid wages or overtime.

2. *Paul O'Shea*. Defendant Paul O'Shea is the head chef at the Hotel and is employed directly by NIMG. Although Mr. O'Shea had general responsibilities for supervising the Hotel's kitchen staff as they performed their daily duties, he had no responsibility for setting wages, managing payroll or determining pay for the contract labor personnel. Defendant Ralph Gandia was employed by ESS and/or RGC and frequently worked on-site at the Hotel, supervising and directing the work of the contract labor personnel, including Plaintiff. Mr. Gandia and/or ESS/RGC had sole responsibility for ensuring that Plaintiff was paid all wages due and that his compensation complied with both the minimum wage and overtime requirements of the FLSA.

### III. Schedule of Pretrial Proceedings

A. Rule 26(a)(1) Disclosures

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

4

Case 3:12-cv-00299   Document 20   Filed 05/17/12   Page 4 of 8 PageID #: 59
Case 3:12-cv-00299   Document 26   Filed 05/22/12   Page 4 of 8 PageID #: 85

B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C. Other Pretrial Discovery Matters

As determined at the case management conference, this action is set for a jury trial on August 6, 2013 at 9:00 a.m. If this action is to be settled, the Law Clerk shall be notified by noon on July 19, 2013. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances. Trial should last no more than two (2) days.

A pretrial conference shall be held on July 22, 2013 at 3:00 p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **February 15, 2013**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **January 25, 2013**. All discovery related motions shall be filed by the close of business on **February 22, 2013**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall

5

attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on **March 15, 2013**, and any response thereto shall be filed by the close of business on **April 15, 2013**. Any reply shall be filed by the close of business on **April 29, 2013**.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court, shall govern.

By the close of business on **October 15, 2012**, the plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **November 12, 2012**, the defendants shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.
[2] Strict compliance is required to Rule 56.01, Local Rules of Court, relating to motions for summary judgment.

6

Any supplements to expert reports shall be filed by the close of business on **December 3, 2012.** There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any <u>Daubert</u> challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED.**

                                                                         */s/ John Bryant*
                                                                    JOHN S. BRYANT
                                                                    United States Magistrate Judge

7

Case 3:12-cv-00299   Document 20   Filed 05/17/12   Page 7 of 8 PageID #: 62
Case 3:12-cv-00299   Document 26   Filed 05/22/12   Page 7 of 8 PageID #: 88

APPROVED FOR ENTRY:

*Attorneys for Plaintiff*

/s/ Charles P. Yezbak, III
Charles P. Yezbak, III (BPR #018965)
R. Cameron Caldwell (BPR #029084)
**Yezbak Law Offices**
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615) 250-2000
(615) 250-2020 Facsimile
Yezbak@yezbaklaw.com


*Attorneys for Defendants Paul O'Shea and Noble-Interstate Management Group, LLC*

s/ Fred J. Bissinger
Fred J. Bissinger, BPR No. 19671
Anne T. McKnight, BPR No. 26476
Wimberly Lawson Wright Daves & Jones, PLLC
200 Fourth Avenue North
Suite 600
Nashville, Tennessee 37219
Phone: (615) 727-1000
Fax:   (615) 727-1001

Jerome D. Pinn, BPR No. 17848
Wimberly Lawson Wright Daves & Jones, PLLC
550 Main Avenue
Suite 900
Knoxville, Tennessee 37902
Phone: (865) 546-1000
Fax:   (865) 546-1001

8